Green v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-300-CR

Â Â Â Â Â REGINALD HILL GREEN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 20,965-361
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Reginald Green was convicted by a jury of aggravated assault and sentenced to ten years in
prison and a $3,000 fine. See Tex. Penal Code Ann. Â§ 22.02(a) (Vernon Supp. 1993). His first
point challenges the sufficiency of the evidence to support the jury's implied rejection of his claim
of self-defense. He also complains that the prosecutor's closing argument amounted to
encouraging the jury to commit misconduct. We will overrule the points and affirm his
conviction.
Â Â Â Â Â Â The undisputed evidence establishes that Green travelled to Bryan from Houston on July 27,
1991, with Raynard Martin and Steven Evans in a Jaguar. That night, they went to The Place,
a nightclub popular with the youths of Bryan. There were between fifty and one hundred people
socializing in the area surrounding the nightclub. As Green and a local woman, Shirley Guinn,
were leaving together, Guinn became involved in a swearing match with her ex-boyfriend, Merion
Smith. Green got out of Guinn's car and returned to the Jaguar, which was being driven by
Martin and was behind Guinn's car.
Â Â Â Â Â Â At some point after Green returned to the Jaguar, bottles were thrown by an unknown party
at the Jaguar. Several State's witnesses testified that the bottles were thrown after Green got out
of the Jaguar with a gun. Other witnesses testified that the bottles were thrown before Green got
out of the car. The defense witnesses, Martin and Evans, both testified that Green was in the
Jaguar when the bottles were thrown. 
Â Â Â Â Â Â The State's witnesses testified that Green began firing the pistol at the crowd. The
complaining witness, Eric Ross, testified that he ran and hid behind a Ford Escort when Green
began firing. Both Ross and Debbie Wells, a woman who was sitting in the Escort, testified that
Green walked away from the street and toward the Escort. There Green discovered Ross crouched
behind the car. When Ross saw Green standing three feet away, he attempted to run, but Green
shot him in the arm. Ross crawled inside the Escort, and Green shot into the body of the car four
or five times. After Green shot the car, he told Ross "I'll be back" and returned to the Jaguar. 
Other State's witnesses testified that the only hostile actions against Green and the Jaguar were the
bottles being thrown, that the crowd did not move against the Jaguar, and that Green's was the
only gun fired. Among the State's witnesses, only Ross testified that someone in the crowd
shouted a hostile phrase directed at Green and his party prior to the bottles being thrown and the
ensuing gunfire.
Â Â Â Â Â Â The defense witnesses, Martin and Evans, presented a different version of events. In their
version, Green was anxious to leave the scene when he returned to the Jaguar because he thought
that the crowd was getting ugly. Green's fear was confirmed, they said, by shouts encouraging
the crowd to attack Green, Martin, and Evans. Martin and Evans testified that they heard
somebody in the crowd call for his "nine," a term which both witness interpreted to refer to a
nine-millimeter handgun. After hearing the call for the "nine," both claimed that bottles began
to hit the Jaguar and that they heard a gunshot from outside the car. Martin testified that, after
the shot from the crowd, Green got out of the Jaguar and returned fire with his pistol. Martin
stated that Green never left the side of the car when he was shooting the pistol. Evans testified
that Green did not get out of the Jaguar, but returned the fire by sticking the pistol out of the car's
window. Both defense witnesses agreed that there were no bullet holes in the Jaguar after that
night. 
Â Â Â Â Â Â In resolving the sufficiency-of-the-evidence issue, we view all the evidence in the light most
favorable to the prosecution and determine whether any rational trier of fact could have found the
essential elements of the offense charged beyond a reasonable doubt and also could have found
against Green on the self-defense issue beyond a reasonable doubt. See Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991). Self-defense is an issue of fact to be determined by
the jury. Id. at 913. Thus, the jury is free to accept or reject the defensive theory of the evidence. 
Id. at 914. By finding Green guilty, the jury implicitly rejected his self-defense theory. See id. 
The jury was entitled to reject the defensive evidence and credit the State's witnesses' version of
the events. Thus, the jury could have concluded that Green was not acting in self-defense by
finding that he hunted down Ross hiding behind the Escort and shot him as Ross attempted to run
away. 
Â Â Â Â Â Â We hold that there is sufficient evidence for the jury to have found the essential elements of
aggravated assault and to have found against Green on the claim of self-defense beyond a
reasonable doubt. See id. We overrule the first point.
Â Â Â Â Â Â Green next complains that the prosecutor's closing argument amounted to the active
encouragement of the jury to disregard certain portions of the jury charge. No contemporaneous
objection to the closing argument was raised as required by Rule 52(a). See Tex. R. App. P.
52(a). Generally, the failure to object to jury argument will waive any potential complaint about
the argument. See Willis v. State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989), cert. denied,
__ U.S. __, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990). However, an objection is not required if
the argument is so egregious that no instruction to disregard could possibly cure the harm. Id.;
Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982). Argument rises to this level if it
is manifestly improper, or violates a mandatory statute, or injects a new fact harmful to the
defendant's case. Willis, 785 S.W.2d at 385.
Â Â Â Â Â Â Green argues that the State's closing argument did not emphasize that Green's self-defense
claim was to be evaluated from his standpoint at the time of the incident. We conclude that the
State's argument was a proper answer to the Green's self-defense theory. Thus, he is not entitled
to the Romo exception to the waiver rule, and his failure to object waives any possible complaint. 
Green's second point of error is overruled.
Â Â Â Â Â Â The judgment is affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed October 13, 1993
Do not publish



 overruling
Richards objections to summary judgment evidence; (3) erred in granting the AppelleesÂ
motion for traditional and no evidence summary judgment; (4) erred in denying
his request for a temporary writ of injunction against Valerie and Ault; (5)
erred in denying his request for a temporary writ of injunction against the TDCJ;
and (6) abused its discretion in denying his motion to review his parole
records.

RichardÂs
Objections to the AppelleesÂ Summary Judgment Evidence

Â Â Â Â Â Â Â Â Â  In
his second issue, Richard argues that the trial court abused its discretion in
overruling RichardÂs objections to AppelleesÂ summary judgment evidence.Â  Richard launched seventy objections to
AppelleesÂ evidence that encompass three categories: (1) relevancy; (2)
hearsay; and (3) accuracy of record and/or statements.Â  The trial court overruled RichardÂs
objections, but Richard failed to get the courtÂs ruling in writing.

Â Â Â Â Â Â Â Â Â  For
preservation purposes, objections to "form"
and "substance" of summary judgment evidence are treated differently.
Â Choctaw Props., L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 241 (Tex. App.ÂWaco 2003, no
pet.);Â Â Dailey v. Albertson's, Inc., 83 S.W.3d 222, 225 (Tex. App.ÂEl Paso 2002, no pet.).Â  To
preserve objections to defects of form,
the objecting party must obtain a ruling from the trial court in writing. Â See McMahan v.
Greenwood, 108 S.W.3d 467, 498 (Tex. App.ÂHouston
[14th Dist.] 2003, pet. denied); Allen ex rel.
B.A. v. Albin, 97 S.W.3d 655, 663 (Tex.
App.ÂWacoÂ 2002, no pet.). Â However, substantive objections do not require
a written ruling, and the objection may be raised for the first time on appeal.
Â Choctaw
Props., 127 S.W.3d at 241; Dailey, 83 S.W.3d at 225.

Â Â Â Â Â Â Â Â Â  One
subset of RichardÂs objections to AppelleesÂ summary judgment evidence claimed that
parts of the evidence contained hearsay.Â 
Hearsay is a defect of form.Â  Choctaw Props., L.L.C., 127 S.W.3d at
241; Crow v. Rockett Spec. Util. Dist., 17 S.W.3d 320, 324 (Tex. App.ÂWaco 2000, pet. denied)
(affidavit of interested witness, hearsay, and lack of personal knowledge are
all defects of form). Â Consequently, because Richard
failed to obtain a written ruling, his hearsay objections have not been
preserved for appellate review. Â Choctaw Props., 127 S.W.3d at 241;
McMahan, 108 S.W.3d at 498.

Â Â Â Â Â Â Â Â Â  Richard
also objected to the relevancy of the AppelleesÂ evidence.Â  Relevancy is an issue of substance that is
not waived by the failure to obtain a written ruling. Â See McMahan, 108 S.W.3d at 498.Â  Richard
appears to argue that some of the defenses raised by the
Appellees in their motion should be excluded because they were not disclosed in
their response to RichardÂs Rule 194 Request for Disclosure.Â  See
Tex. R. Civ. P. 194.Â  However, this argument was not presented to
the trial court.Â  Moreover, the trial
court had previously denied RichardÂs numerous motions for discovery sanctions
concerning the AppelleesÂ alleged failure to respond to his request for
disclosure.Â  Aside from his complaint of
non-disclosure, the AppelleesÂ defenses are probative and relevant to the
issues of the case.Â  Therefore, we find
the defenses relevant, and the trial court did not abuse its discretion in
overruling RichardÂs relevance objections.

Â Â Â Â Â Â Â Â Â  Finally,
Richard objected to the accuracy of the record and/or statements in the
AppelleesÂ summary judgment evidence.Â  This
is not a valid legal objection.Â 
Disputing the accuracy of the evidence results in questions of fact best
resolved by the trial court in the summary judgment hearing.Â  Richard would be better served by
contravening the evidence than by attacking its veracity by objections.Â  See Hubenak
v. San Jacinto Gas Transmission Co., 141 S.W.3d 172, 185 (Tex. 2004).Â  Accordingly, we overrule RichardÂs second
issue.

The Merits of the AppelleesÂ Summary Judgment
Motion

Â Â Â Â Â Â Â Â Â  In his third issue, Richard argues
that the trial court abused its discretion in granting AppelleesÂ traditional
and no evidence motion for summary judgment.Â 
We
review the decision to grant or deny a summary judgment motion de novo.Â 
See Rosas v. Hatz, 147
S.W.3d 560, 563-64 (Tex. App.ÂWaco 2004, no pet.).Â  When the trial court does
not specify the basis for its summary judgment, the appealing party must show
it is error to base it on any ground asserted in the motion. Â Larsen v.
Carlene Langford & Assocs., Inc., 41 S.W.3d
245, 249 (Tex. App.ÂWaco 2001, pet. denied) (quoting Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473, 38 Tex. Sup. Ct. J. 718 (Tex. 1995)).

Â Â Â Â Â Â Â Â Â  In
their motion for traditional summary judgment, the Appellees argue that they
are entitled to judgment as a matter of law because RichardÂs suit is barred by
res judicata. Â In a
traditional summary judgment motion, the movant has the burden of showing that
no genuine issue of material fact exists and that he is entitled to the summary
judgment as a matter of law.Â  American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425, 40 Tex. Sup. Ct. J. 658 (Tex. 1997); Rosas,
147 S.W.3d at 564.Â  The reviewing court must accept all evidence
favorable to the non-movant as true.Â  Rosas, 147 S.W.3d at 564.Â  Every
reasonable inference must be indulged in favor of the non-movant and all doubts
resolved in its favor.Â  Grinnell, 951 S.W.2d
at 425; Rosas, 147 S.W.3d at 564.

Â Â Â Â Â Â Â Â Â  Res
judicata precludes relitigation of claims that have been finally adjudicated,
or that arise out of the same subject matter and could have been litigated in
the prior action. Â Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).Â  To
establish res judicata, the claimant must show:Â 
(1) there was a prior final judgment on the merits rendered by a court
of competent jurisdiction; (2) the parties or those in privity with them are
identical in both suits; and (3) the current suit is based on claims that were
raised or could have been raised in the prior suit.Â  Pinebrook
Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n, 77 S.W.3d 487, 495-96
(Tex. App.ÂTexarkana 2000, pet. denied) (citing Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996)).Â  Parties are in privity for purposes of res
judicata when: (1) they control an action even if they are not parties to it;
(2) their interests are represented by a party to the action; or (3) they are
successors in interest, deriving their claims through a party to the prior
action.Â  HECI Exploration Co. v. Neel, 982 S.W.2d 881, 890 (Tex. 1999).

Â Â Â Â Â Â Â Â Â  In
ValerieÂs summary-judgment affidavit, she states that Richard previously argued
that she was keeping her new address from him in a prior lawsuit regarding the
divorce decree.Â  Valerie states that Richard
filed numerous motions for contempt in the prior proceeding alleging that
Valerie had kidnapped the children by not notifying him of her new
address.Â  The trial court denied these
motions.Â  Richard also filed a motion to
enforce the divorce decree claiming that Valerie did not notify him of her new
address.Â  This motion was also
denied.Â  What is more, RichardÂs summary
judgment evidence includes a reporterÂs transcript from the prior lawsuit that
specifically demonstrates the extensive argument of this issue.Â  Thus, it is clear that the former suit and
the current suit involve the same issue, and RichardÂs claim under chapter 42
could have been litigated in the prior suit.Â 
All that remains is to determine whether the same parties were involved
in both suits.

Â Â Â Â Â Â Â Â Â  The
only parties in the instant case that participated in the prior suit are
Richard and Valerie.Â  The Co-Appellees
were not parties to the divorce decree.Â 
Nor can they claim privity with Valerie.Â 
See Neel, 982 S.W.2d at 890.Â  As a result, the motion for
traditional summary judgment could have been decided on these grounds as to
Valerie alone.Â  Therefore, indulging
every reasonable inference in favor of the non-movant, we find that Valerie is
entitled to judgment as a matter of law because RichardÂs claims against her
are barred by res judicata. Â See Grinnell, 951 S.W.2d
at 425; Pinebrook Props.,
Ltd., 77 S.W.3d at 495-96.

Â Â Â Â Â Â Â Â Â  Valerie
and the Co-Appellees also contend in the motion for summary judgment that there
is no evidence that they have an affirmative duty to voluntarily provide
information concerning the childrenÂs whereabouts.

Â Â Â Â Â Â Â Â Â  In
a no evidence summary judgment motion, we review the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and
inferences.Â  Rosas, 147 S.W.3d at 564.
Â A no-evidence motion will be
defeated if more than a scintilla of probative evidenceÂ exists to raise a
genuine issue of material fact on the element challenged by the movant.Â  Id.

Â Â Â Â Â Â Â Â Â  Chapter
42 of the Family Code states that any person who aids or assists a person in
concealing the whereabouts of a child in violation of a court order may be held
liable for damages.Â  Tex. Fam. Code Ann. Â§ 42.002(a) (Vernon 2002).Â  To be liable for aiding and assisting, the defendant
must have taken affirmative steps to assist the abductor either in the
abduction itself or in retaining possession or concealing the childÂs whereabouts.Â  See A.H. Belo Corp. v. Corcoran, 52 S.W.3d 375, 382 (Tex. App.ÂHouston [1st Dist.] 2001, pet. denied).Â  However, a person who simply becomes aware of
the abducted childÂs whereabouts is not under an affirmative duty to reveal
that information.Â  See Eberle v. Adams, 73
S.W.3d 322,Â 329 (Tex. App.ÂHouston [14th Dist.] 2001,
pet. denied).

Â Â Â Â Â Â Â Â Â  Co-Appellees
rely upon A.H. Belo Corp. in support
of their position.Â  A.H. Belo Corp., 52 S.W.3d at
377.Â  In that case the father sought to hold a television
station liable under Chapter 42 of the Family Code for aiding and assisting in the
abduction of his child because the stationÂs reporter had interviewed the abductor
mother and abducted child in an undisclosed location.Â  Id.Â  The father argued that the duty under the Family Code not to conceal the location of
an abducted child equates to a duty to reveal the location of the child.
Â Id. at 382. Â The
Fourteenth Court of Appeals held that Âthere is nothing in section 42.003 or
the case law to indicate such an affirmative duty by
all who have any knowledge of an abducted child's
whereabouts,Â and accordingly found that there was no evidence that the television
station had an affirmative duty to disclose the whereabouts of the abducted
child.Â  Id.

Â Â Â Â Â Â Â Â Â  The
only case in which a failure to provide information was found to support a
liability finding is Weirich v. Weirich.Â  833 S.W.2d 942 (Tex. 1992).Â  In that
case, the Texas Supreme Court found that there was legally sufficient evidence
that the abducted childrenÂs grandmother aided and assisted the abductor father
in concealing the whereabouts of the children because the grandmother swore in
open court that if she discovered the whereabouts of the children, she would
notify the authorities, and by doing so assumed an affirmative duty to disclose
the childrenÂs whereabouts.Â  Id. at 945.Â  Richard
has presented no evidence of like kind here.Â 


Â Â Â Â Â Â Â Â Â  Richard produced no evidence that
Co-Appellees had an affirmative duty to disclose ValerieÂs new address.Â  Therefore, the trial court properly granted
the no-evidence summary judgment motion as to the Co-Appellees.Â  See Weirich, 833 S.W.2d at 945; Rosas, 147
S.W.3d at 564.Â  Accordingly, we overrule RichardÂs third
issue and do not reach his first issue.

Denial of Temporary Injunctions

Â Â Â Â Â Â Â Â Â  Richard
argues in his fourth and fifth issues that the trial court erred in denying his
request for temporary injunctions against Valerie, Ault, and the TDCJ.

Â Â Â Â Â Â Â Â Â  The
purpose of a temporary injunction is to preserve the status quo of the
litigation's subject matter pending a trial on the merits.Â  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002); City
of Burleson v.
Bartula, 110 S.W.3d 561, 564 (Tex. App.ÂWaco 2003, no pet.).Â  To obtain a temporary injunction, the
applicant must plead and prove three specific elements: (1) a cause of action
against the defendant; (2) a probable right to the relief sought; and (3) a
probable, imminent, and irreparable injury in the interim.Â  Butnaru,
84 S.W.3d at 204; Tex. Civ. Prac. &
Rem. Code Ann. Â§ 65.011 (Vernon 1997).

Â Â Â Â Â Â Â Â Â  Whether
to grant or deny a temporary injunction is within the trial court's sound
discretion.Â  Butnaru, 84 S.W.3d at 204; City
of Burleson, 110 S.W.3d at 564.Â  A reviewing court should reverse an order
granting injunctive relief only if the trial court abused that discretion. Â Butnaru,
84 S.W.3d at 204; City of Burleson, 110 S.W.3d at 564. Â The reviewing court must not substitute its
judgment for the trial court's judgment unless the trial court's action was so
arbitrary that it exceeded the bounds of reasonable discretion.Â  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985).Â  A
trial court has no discretion to determine what the law is.Â  Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992); City
of Burleson, 110 S.W.3d at 564.

Â Â Â Â Â Â Â Â Â  Richard
sought a temporary injunction to prevent Valerie and Ault from contacting the
prison and parole board in an attempt to cease his communications with his
children and injure his prison status and future eligibility for parole.Â  Richard argues that he suffered and continues
to suffer irreparable injury because Valerie and AultÂs actions caused damage
to his parole status and resulted in prison disciplinary action.Â  Yet, Richard did not show that the parole
board was assessing a penalty, nor was there evidence that the prison was disciplining
him as a result of Valerie and AultÂs complaints.Â  Fear or apprehension of the possibility of
injury alone is not a basis for injunctive relief.Â  Fox v.
Tropical Warehouses, Inc., 121 S.W.3d 853, 861 (Tex. App.ÂFort Worth 2003, no pet.).Â  Thus we cannot conclude that the trial court
abused its discretion in denying RichardÂs request for a temporary injunction
against Valerie and Ault.Â  See Butnaru, 84 S.W.3d at 204.

Â Â Â Â Â Â Â Â Â  Richard
also sought a temporary injunction against the TDCJ to prevent it from
interfering with his access to the trial court.Â 
Richard claims that TDCJ officials interfered with his access to the
trial court by refusing to supply him with legal material and to mail legal
documents.Â  Richard argues that he
attempted to resolve these issues through administrative grievances, but the
problems continued.Â  Relying on the
testimony of a TDCJ official, the trial court found that Richard had not exhausted
his administrative remedies, and that there was no injury because the trial
court had received each document that Richard claimed was delayed by the
TDCJ.Â  Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex. App.ÂCorpus Christi
2003, pet. denied); Birdo v. Schwartzer,
883 S.W.2d 386, 388 (Tex. App.ÂWaco 1994, no pet.).Â  Given this evidence, we cannot say the trial
court abused its discretion in denying RichardÂs request for a temporary
injunction against the TDCJ.Â  See Butnaru, 84 S.W.3d at 204.Â  Accordingly, we overrule RichardÂs fourth and
fifth issues.

Motion
to Review Parole Records

Â Â Â Â Â Â Â Â Â  In
his sixth issue, Richard argues that the trial court erred in denying his motion
to review his parole records.Â  Richard
filed a subpoena duces tecum on the custodian of his parole records, but the
custodian failed to comply with RichardÂs request.Â  Richard argues that he cannot enforce the
subpoena because the parole board member he would be seeking enforcement upon
is the same member that would be voting on his eligibility for parole.Â  Therefore, he filed a motion asking the trial
court to order a review of these records.

Â Â Â Â Â Â Â Â Â  However,
there is no indication in RichardÂs brief or the record that Richard asked the
trial court for a ruling, or otherwise brought the motion to the trial courtÂs
attention.Â  See Tex. R. App. P.
33.1; Cherqui v. Westheimer Street Festival
Corp., 116 S.W.3d 337, 342 (Tex. App.ÂHouston [14th Dist.] 2003, no pet.).Â  Therefore, Richard has failed to preserve
this issue for review.Â  Accordingly, we
overrule RichardÂs sixth issue.

Conclusion

Â Â Â Â Â Â Â Â Â  We affirm the judgment of the trial
court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Before Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed

Opinion delivered and filed February
 23, 2005

[CV06]