Tony Joe ROMO, Appellant,

v.

The STATE of Texas, Appellee.

No. 62418.

Court of Criminal Appeals of Texas, Panel No. 1.

April 14, 1982.

Rehearing Denied May 5, 1982.

---

A. W. Salyars, Lubbock, for appellant.

John T. Montford, Dist. Atty., and Travis S. Ware, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of heroin. After finding the appellant guilty, the jury assessed punishment at twenty years.

In appellant's grounds of error one through twelve he complains of the prosecutor's jury argument. In each instance, appellant failed to make a timely objection and is complaining of the alleged errors for the first time on appeal. The general rule is that any impropriety in the State's argument is waived by a defendant's failure to make a proper and timely objection. *Archer v. State*, Tex.Cr.App., 474 S.W.2d 484; see, e.g. *Ortiz v. State*, Tex.Cr.App., 577 S.W.2d 246; *McMahon v. State*, Tex.Cr. App., 582 S.W.2d 786, cert. denied *McCormick v. Texas*, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175, rehearing denied 444 U.S. 985, 100 S.Ct. 492, 62 L.Ed.2d 414; *Van Bibber v. State*, Tex.Cr.App., 371 S.W.2d 880.

An exception to the general rule occurs where the argument of the prosecutor is so prejudicial that an instruction to disregard will not cure the harm. *Plunkett v. State*, Tex.Cr.App., 580 S.W.2d 815; *Smith v. State*, Tex.Cr.App., 541 S.W.2d 831; *Rodriguez v. State*, Tex.Cr.App., 530 S.W.2d 944. We have reviewed the arguments of the prosecutor and we do not find them to

be so highly prejudicial that they could not be cured by the court's instruction. *Moynahan v. State*, 140 Tex.Cr.R. 540, 146 S.W.2d 376.

◼ In his thirteenth ground of error appellant contends that the harmful effect of the prosecutor's argument, as complained of in grounds of error one through twelve, combined to create reversible error. Appellant relies on *Stein v. State*, Tex.Cr.App., 492 S.W.2d 548; *Renn v. State*, Tex.Cr. App., 495 S.W.2d 922 and *Boyde v. State*, Tex.Cr.App., 513 S.W.2d 588 where this Court has reversed for prosecutorial misconduct. Without setting forth each of the twelve arguments complained of our review of the record reflects that the argument did not reach the level of impropriety of those we condemned in the foregoing cases. A number of the arguments complained of relating to heroin and heroin traffic appear to be supported by the evidence or constitute matters of common knowledge. No reversible error is shown.

In appellant's ground of error fifteen, he alleges the trial court committed reversible error in failing to grant appellant's motion for new trial because one of the jurors conversed with two uniformed policemen after she was impaneled as a juror in his cause. The incident of alleged misconduct came to the attention of the court through relatives of the appellant. His wife and daughter rode to the courtroom on an elevator also occupied by juror Diane Miskell and the policemen. Appellant's wife testified that one of the policemen stated "I hope they find him guilty," and "we shouldn't be talking about this." The officers' account of the incident, however, varied. Officer Kelly could not remember whether he conversed with the juror. Officer Jenkins testified he jokingly talked with the juror on the elevator, stating, "I think I said, well, convict them all, they're guilty, just—and then smiled, you know, kind of laughed about it." Neither officer knew juror Miskell, nor were they associated with the trial or investigation of appellant's case.

Miskell testified at appellant's motion for new trial. She related what occurred in the elevator:

"A. . . . we all were on the elevator and the two police officers were looking at me and smiling and they asked me what I was doing, and I told them I was a juror. At that time, right before they got off the elevator they just kind of laughed, I didn't tell them anything, I didn't tell them which case or nothing, I mean, you know, and they said, 'They're all guilty', which they were just joking, they didn't know which case, or whatever, and then they got off the elevator and I came back here and that's all."

In response to a question posed by the State, Miskell testified that the statement of the officers did not affect her ability to decide the appellant's case based only on the evidence which was presented at trial.

◼ It is generally presumed that a defendant is injured whenever an impaneled juror converses with an unauthorized person about a case. *Ex Parte Watson*, Tex.Cr.App., 606 S.W.2d 902; *McMahon v. State*, Tex.Cr.App., 582 S.W.2d 786; *Williams v. State*, Tex.Cr.App., 463 S.W.2d 436; see Art. 36.22, Art. 40.03(7), V.A.C.C.P. It is the burden of the defendant, however, to establish that if a conversation did occur between a nonsequestered juror and someone else, that the discussion involved matters concerning the specific case at trial. See *Marquez v. State*, Tex.Cr.App., 620 S.W.2d 131; *Starvaggi v. State*, Tex.Cr. App., 593 S.W.2d 323. The record reflects that the police officers and juror Miskell had a brief exchange of words. It is equally clear from all the parties who testified that specifics of the appellant's proceedings were not discussed. Although we do not condone the officers' remarks to the impaneled juror, it would be difficult to label such an indiscretion as more than a rank generality directed towards all defendants. Such is especially true considering the officers' total ignorance of appellant's case. Under these circumstances the trial court properly denied appellant's motion for new trial. See also, *Wilkes v. State*, Tex.Cr.App., 566 S.W.2d 299; *Young v. State*, Tex.Cr.App., 547 S.W.2d 23.

■ In appellant's sixteenth ground of error, he alleges the court committed fundamental error when it incorrectly charged the jury on the law of accomplice testimony. Appellant made no objection at trial to the court's charge.[1] Appellant's complaint is that in applying the law to the facts the charge omitted the requirement that the corroboration is "not sufficient if it merely shows the commission of an offense, but it must tend to connect the defendant with its commission." The charge required that there be "other evidence outside the evidence of Jackie North [accomplice] tending to show, first, the commission of the alleged possession of heroin." While the precise words about which appellant complains were omitted, the effect of the words used were the same. In *Cumbie v. State*, Tex.Cr. App., 578 S.W.2d 732 this Court listed four types of defects which constitute fundamental error in applying the law to the facts in the court's charge. The charge in the instant case does not fall within the ambit of those enumerated. We reject appellant's contention that the charge is fundamentally defective.

■ In appellant's final ground of error, he alleges ineffective assistance of counsel at trial. Appellant points to grounds of error one through twelve, discussed in this opinion, as proof of his counsel's ineffectiveness. He argues that his counselor's failure to object to the prosecution's argument denied him a fair trial. At the outset, we note that regardless of the status of appellant's counsel as a retained attorney his effectiveness must meet the same degree as appointed counsel. See *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, (1980); *Ex Parte Duffy*, Tex.Cr.App., 607 S.W.2d 507. Appellant properly recites

the standard by which we judge the performance of counsel as being a "reasonably effective assistance" standard. See *Mercado v. State*, Tex.Cr.App., 615 S.W.2d 225. Such a standard necessitates a comparison of the total representation afforded appellant rather than a dissection of isolated failures by counsel to object, see *Archie v. State*, Tex.Cr.App., 615 S.W.2d 762; *Johnson v. State*, Tex.Cr.App., 614 S.W.2d 148. Accord *United States v. Salinas*, 439 F.2d 376 (5th Cir. 1971); *Ewing v. State*, Tex.Cr. App., 549 S.W.2d 392; *Long v. State*, Tex. Cr.App., 502 S.W.2d 139, and allegations of ineffectiveness will be sustained only if they are firmly founded. *Johnson v. State*, supra; *Faz v. State*, Tex.Cr.App., 510 S.W.2d 922; *Long v. State*, supra.

■ In reviewing the record in total, we note numerous factors inconsistent with appellant's allegation. Counsel for appellant filed a pretrial motion in appellant's behalf. A complete voir dire examination of the jury was conducted with peremptory challenges being exercised against certain veniremen. Appellant's counsel conducted a vigorous cross-examination of each major State's witness and produced four defense witnesses, one of which was the appellant. Counsel made numerous objections to the direct examination of these adverse witnesses, often gaining a successful ruling from the court. A final argument was presented to the jury both at the guilt or innocence and punishment phases. Finally, as detailed in appellant's ground of error fifteen, counsel made an objection, perfected a bill, and advanced grounds for a motion for new trial based upon alleged misconduct of a juror. From the totality of the representation we find appellant was

---

1. It is undisputed that the court correctly stated the law relating to accomplice testimony. In applying the law to the facts the court charged:

"Therefore, bearing in mind that Jackie North was an accomplice, if any offense was committed, you are instructed that you cannot find the defendant, TONY JOE ROMO, guilty of the offense charged against him upon Jackie North's testimony unless you first believe that said testimony is true and

that it shows the defendant is guilty as charged in the indictment; and then you cannot convict the defendant unless you further believe that there is other evidence in the case outside of the evidence of Jackie North, tending to show, first, the commission of the alleged possession of heroin; and even then, before you can convict the defendant, you must believe, from all the evidence, beyond a reasonable doubt, that the defendant is guilty."

afforded reasonably effective assistance of counsel.

The judgment is affirmed.

CLINTON, Judge, dissenting.

With respect to the sixteenth ground of error, Article 38.14, V.A.C.C.P., expressly prohibits a conviction upon accomplice testimony "unless corroborated by other evidence *tending to connect the defendant with the offense committed*; and the corroboration is *not sufficient* if it merely shows the commission of the offense."[1] Clearly, the portion of the charge quoted in note 1 in the opinion of the Court has not "correctly stated the law relating to accomplice testimony," for it wholly omits the first statutory requirement and substitutes for it evidence "tending to show ... the commission of the alleged possession of heroin," that is not enough under the second statutory dictate. See recommended instructions on this matter in Morrison and Blackwell, Eighth Edition, Wilson's Criminal Forms Annotated Sec. 88.01, 8 Texas Practice 214, 216; McClung, Jury Charges for Texas Criminal Practice (Revised Edition, January 1981) 247; and authorities annotated in both.

I respectfully disagree with the suggestion that "the effect of the words used were the same," and believe with others that they are not. Accordingly, I must dissent.

---

1. All emphasis is mine unless otherwise indicated.