Mike Wayne SWEENEY, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–246–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 9, 1984.

Janet Seymour Morrow, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

### OPINION

BISSETT, Justice.

Appellant Mike Wayne Sweeney was convicted by a Harris County jury of burglary of a habitation with intent to commit theft. The enhancement paragraphs in the indictment were abandoned and dismissed. The jury assessed his punishment at fifty-five years' imprisonment in the Texas Department of Corrections. Appellant appeals to this Court on five grounds of error, three briefed by counsel and two *pro se*. We affirm.

In his first ground of error, appellant contends that the evidence was insufficient to support the conviction. Appellant contends that no rational trier of fact could have found beyond a reasonable doubt that the State's eyewitnesses actually saw appellant commit the burglary in question. The State presented two eyewitnesses who testified that they saw appellant burglarize the home of the complainant, Dennis Dock-

al. Eddye Hernandez testified that she saw appellant carry a stereo speaker and some rifles from the house in question on July 3, 1981. She further testified that she copied the license number down, which she thought was KSJ–416. Hernandez also testified that some of the paint on the last letter on the license appeared to have been scraped off. Hernandez was unable to identify appellant in a lineup, but did so in open court.

Patricia Medina, the State's other eyewitness, was with her sister, Eddye Hernandez, on July 3, 1981. Medina testified that she observed appellant burglarizing complainant Dockal's home. Medina testified that she observed appellant carrying something like a stereo speaker and a rifle out of the house and put it in a gold and black Buick LeSabre. Medina then followed the car after it left the house and followed it to a convenience store where she observed appellant put gas in the car. Medina identified appellant in a lineup and in open court as the man she saw burglarize the house.

Appellant's mother testified as an alibi witness for appellant. She testified appellant was with her all day on July 3, 1981 at an apartment approximately fifteen to twenty miles from the scene of the burglary. Henry Martinez, a friend of appellant's, also testified to this effect. Appellant's mother admitted that she owned a gold and black Buick LeSabre on July 3, 1981, which had the license number KSU–416, and that appellant sometimes drove it. She further testified that the car was down at a Texaco service station on the day the burglary occurred. Dennis Dockal, the complainant, testified that he did not know appellant nor had he given him permission to enter his house.

Appellant refers us to *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981), in support of his contention that the evidence was insufficient. The Court quoted the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as follows:

"[T]he critical inquiry on review of the sufficiency of the evidence to support a

criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' *Woodby v. INS*, 385 U.S. [276] at 282 [87 S.Ct. 483, at 486, 17 L.Ed.2d 362] (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson v. Louisiana*, 406 U.S. [356] at 362 [92 S.Ct. 1620, at 1624, 32 L.Ed.2d 152.] This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." 614 S.W.2d 155, 159.

Applying this standard to the facts of this case, we do not find that the evidence was insufficient to support the conviction. Accordingly, appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the prosecutor improperly asked the jury to consider an unproved extraneous offense during the guilt-innocence argument. Appellant concedes that no objection was made at trial. Appellant argues that the argument made by the prosecutor was so prejudicial that an instruction to disregard would not have cured the harm, and so the ground may still be considered despite the waiver.

*Romo v. State*, 631 S.W.2d 504 (Tex.Cr. App.1982). We disagree. The argument in this instance referred to appellant's running and hiding from the police before he was apprehended. The prosecutor's remarks implied that appellant was in the process of committing another crime at the time of his apprehension. We do not find the prosecutor's remarks so prejudicial that an instruction could not have cured the prejudice emanating from them. Accordingly, appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the prosecutor invited the jury to consider parole law in assessing punishment. Again, no objection was made. While the prosecutor's remarks may have been improper without an objection, they were not so prejudicial as would amount to reversible error. *See, Romo v. State*, 631 S.W.2d 504 (Tex.Cr.App.1982).

■ Appellant also presents two *pro se* grounds of error, four and five. In ground four, appellant argues that the State committed reversible error by bolstering the testimony of its witnesses during jury argument. Whatever the merits of this ground of error might be, we first note that no objections were made at trial to any of these statements, and none were so prejudicial so as to warrant reversal in spite of the waiver. Accordingly, appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant contends that the indictment was fundamentally defective for failing to allege the proper culpable mental state. Appellant, in effect, asks this Court to overrule the Court of Criminal Appeals in *Ex parte Santellana*, 606 S.W.2d 331 (Tex.Cr.App. 1980), and other cases in that line because he contends that they were incorrectly decided. This we cannot do. Accordingly, appellant's fifth ground of error is overruled.

The judgment of the trial court is AFFIRMED.