**Harry ARVIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–698–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 22, 1986.

Cheryl E. Irvin, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

On February 28, 1985, a neighbor of complainant saw appellant standing near a window of the complainant's apartment. Appellant told the neighbor that he needed to remove some clothes from the apartment. Approximately fifteen minutes later, the neighbor saw appellant carrying some suits and a television out of the apartment. Complainant testified that when he returned home, he found that a window in his apartment was broken and that a television, some beer, and a number of suits were missing. The neighbor told complainant what he had seen and later identified appellant's photograph in a photo spread.

Appellant was indicted and found guilty of burglary of a habitation with intent to commit theft. The trial court assessed punishment at fifteen years in the Texas Department of Corrections.

Appellant brings two grounds of error. In his first, he argues that the trial court erred in failing to grant his motion for mistrial because of the prejudicial jury argument by the prosecution's commenting on his failure to testify.

At trial, the prosecutor stated in closing argument:

> Ms. Irvin would have you believe our whole case rests on the testimony of Cedrick James and that they didn't have to sponsor any testimony as to where this Defendant was on February 28th. Well, ask yourselves why. If you were accused of a crime and you knew you didn't commit it—
>
> MS. IRVIN: Objection, Your Honor. She's commenting on the Defendant's failure to testify.

THE COURT: Sustained.

MS. IRVIN: And would ask for instruction to the jury?

THE COURT: Ladies and gentlemen, you will not consider for any purposes the last statement of the prosecutor and not to consider it for any purposes.

MS. IRVIN: Your Honor, for purposes of the record, I move for a mistrial.

THE COURT: That will be denied.

MS. HILL: Ladies and gentlemen of the jury, examine the testimony of the witnesses that you did hear from the Defense. Sure they didn't have to put on any evidence, but they did, they chose to, and none of those people could tell you where the Defendant was on February 28th, and why was that?

For a statement to constitute a comment on the failure of the defendants to testify, its language must be either manifestly intended to be a comment on the defendant's failure to testify, or be of such a character that the jury would naturally and necessarily take it to be such. *Short v. State*, 671 S.W.2d 888 (Tex.Crim.App.1984).

The statement made by the prosecution could have easily been interpreted to refer to the fact that appellant did not call any alibi witnesses on his behalf. Alibi evidence may be given by persons other than the appellant. Therefore, the remark did not necessarily refer to the appellant's failure to testify. *See Short, supra.*

Furthermore, if the argument had been improper, any error was cured by the trial court's instruction to disregard. The evidence in this case clearly showed the appellant's guilt. The remark was not so prejudiced that any harm could not be cured by a prompt instruction by the trial court. *Romo v. State*, 631 S.W.2d 504 (Tex.Crim. App.1982). The first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred ·in failing to allow into evidence testimony which impeached the truth and veracity of the complainant.

At trial, defense counsel adduced testimony from appellant's mother outside of the presence of the jury, which indicated that complainant had asked for money to drop the charges against appellant. Appellant complains that it was error not to allow this testimony into evidence. The record shows that appellant never sought or obtained a ruling from the court as to the admissibility of the testimony. Further, appellant never attempted to place this testimony before the jury. Therefore, appellant has failed to preserve error. *Adams v. State*, 577 S.W.2d 717 (Tex.Crim. App.1979), rev'd on the other grounds, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). The second ground of error is overruled.

The judgment of the trial court is affirmed.