ortiz 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-318-CR

        CHRISTOPHER LEE ORTIZ,
                                                                              Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-58-C
                                                                                                    

 O P I N I O N
                                                                                                    

          A jury found Christopher Ortiz guilty of the offense of murder with a deadly weapon, and
the court assessed punishment of seventy-five years in prison. Tex. Penal Code Ann. § 19.02
(Vernon 1994). Ortiz appeals the conviction, urging two points of error. In his first point, Ortiz
asserts that the trial court allowed the State to infringe upon his constitutionally guaranteed
presumption of innocence when the prosecution referred to a leg brace he was required to wear
in court. In point two, Ortiz claims that error resulted from the prosecution's closing argument
attacking his truthfulness when he testified on his own behalf. We will affirm.
          PRESUMPTION OF INNOCENCE
          At trial, Ortiz wore a concealed knee-restraint or leg brace that is designed to discourage
a defendant from escaping or running. The knee-restraint caused him to limp while walking to
the witness stand. The following statements form the basis of Ortiz's complaint that the State's
line of questioning infringed upon the presumption of innocence by alerting the jury to the fact that
he was restrained during trial by a knee-brace.  
          Q: Do you have any sort of handicap to prevent you from being able to run?
          A: No.
          Q: You were limping in the courtroom. Were you limping October 17th 1993?
          A: I've got a brace on my leg, so I can't run.
          Q: You did not have that on that night. Isn't that correct?
          A: That's correct.
 (Emphasis added). 
          No objection was made to Ortiz's physical restraint or to the State's line of questioning
concerning his limp. Citing Marin v. State, Ortiz asserts that this type of error, when egregious
harm is suffered by the loss of a constitutionally guaranteed right, does not require an objection
for appellate review. Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). 
           However, most constitutional guarantees can be waived by the failure to object properly
at trial. Id. The Marin court identified three categories of rights: (1) absolute requirements and
prohibitions, (2) rights that must be implemented by the system unless expressly waived, and (3)
rights to be implemented only upon request. Id. Examples of the first category include absolute,
non-waivable rights such as trial-court jurisdiction or separation-of-powers principles. Id. 
Examples of the second category include rights that must be expressly waived, such as certain
fundamental due-process rights, e.g., the right to trial by jury or the right to be represented by
counsel. Id. Legislative prophylactic rules of procedure that are designed to impose uniformity
where a flexible rule is too uncertain or unfair also fall into this category. Id. at 281. Unless
expressly and consensually waived, a trial court's denial of this second category of rights is not
subject to harm analysis. Id. Such an error will always constitute reversible error. See id.
          Ortiz's complaint falls into the third category—rights that must be asserted at the trial court
level to be preserved for appellate review. Id. Ortiz's desire to stand trial unencumbered by the
knee-restraint is a trial-type right, comparable to the right to wear civilian clothing rather than a
prison uniform. See Estelle v. Williams, 425 U.S. 501, 513-14, 96 S.Ct. 1691, 1697, 48 L.Ed.2d
126 (1976) (holding that the defendant's failure to timely object to standing trial in "prison garb"
waived complaint for appeal). 
          The right to stand trial unencumbered by restraints is forfeitable and must be raised by the
accused in the trial court to be preserved for appellate review. Tex. R. App. P. 52(a); Marin, 851
S.W.2d at 279; Estelle, 425 U.S. at 513-14, 96 S.Ct. at 1697. Ortiz's failure to object to the
knee-restraint or the State's questioning waived the complaint, and no error is preserved for
review. Id. Point one is overruled. 
          PROSECUTION'S CLOSING ARGUMENT 
          Ortiz complains that error occurred when the prosecution argued to the jury that he was
not being truthful when he testified. Specifically, Ortiz complains about the prosecutor's sentence,
"And I submit to you that his version of the facts [is] not truthful." He acknowledges in his brief
that he failed to object to the prosecution's closing argument, but avers that reversal is warranted
because the argument was so prejudicial that an instruction could not cure its effect on the jury. 
Willis v. State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 908, 111
S.Ct. 279, 112 L.Ed.2d 234 (1990). 
          The state must confine its jury argument to four areas: (1) summation of the evidence, (2)
reasonable deductions from the evidence, (3) response to defendant's argument, and (4) pleas for
law enforcement. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). A prosecutor's
improper jury argument is not "error;" only the court can commit error. Washington v. State, 822
S.W.2d 110, 118 (Tex. App.—Waco 1991), rev'd on other grounds, 856 S.W.2d 184 (Tex. Crim.
App. 1993). Error occurs when (1) the court overrules an objection to an improper jury
argument, (2) the objection is sustained but the court denies a request for an instruction to
disregard the improper argument, or (3) the objection is sustained, the instruction is given, and
the court improperly denies a motion for mistrial. Id. When the court overrules an objection to
improper jury argument, error results, and a harm analysis must proceed under Rule 81(b)(2). 
Tex R. App. P. 81(b)(2); Orona v. State, 791 S.W.2d 125, 129-30 (Tex. Crim. App. 1990). As
a general rule, the failure to object to impermissible jury argument waives any complaint. Tex.
R. App. P. 52(a); Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. [Panel Op.] 1982). 
However, an exception to the general rule exists when the argument is manifestly improper,
violates some mandatory statute, or injects some new facts harmful to the defendant's case. Willis,
785 S.W.2d at 385; but see Campell v. State, 900 S.W.2d 763, 774 (Tex. App.—Waco 1995, no
pet.) (Thomas, C.J., concurring).
          Ortiz took the witness stand and testified on his own behalf. Therefore, his credibility as
a witness became crucial. Juhasz v. State, 827 S.W.2d 397, 404 (Tex. App.—Corpus Christi
1992, pet. ref'd). Citing Vasquez v. State, Ortiz asserts that the prosecutor improperly injected
his personal opinion that Ortiz was not a credible witness and appealed to the jury to return a
verdict of guilty based merely on the prosecutors's belief that he had lied on the stand. Vasquez
v. State, 819 S.W.2d 932, 936 (Tex. App.—Corpus Christi 1991, pet. ref'd). 
          Vasquez stands for the proposition that it is improper for the prosecutor to argue that the
jury should rely on the prosecutor's opinion that a witness is credible. Id. Such argument
constitutes bolstering the witness' credibility through unsworn testimony. Id. Conversely, it
would be improper for the prosecutor to encourage the jury to rely on the prosecutor's opinion that
a witness lied. See id. 
          Here, the prosecutor inferred from the conflicting testimony that only one theory of the
case could be true. He argued that Ortiz's version was not truthful and that the jury, as the sole
judge of the credibility of the witnesses, should not be deceived. The prosecutor's argument was
proper because he did not refer to personal belief to support his conclusions. Juhasz, 827 S.W.2d
at 404 (allowing prosecutor to urge the jury to examine evidence and conclude that the evidence
supported state's version of the events when the defendant's credibility was crucial). 
          It is permissible in argument to draw inferences from the evidence, even inferences that
a defendant lied. Id. In Mock v. State, the defendant complained of the prosecutor's following
arguments: 
And I submit he has been lying up right through his teeth the whole time just to avoid
becoming convicted for this offense. 
                                                            . . .
And then he wants you to believe he [came] up firing wildly, wildly enough to hit
our officers every time he fired. And then he says he didn't even shoot Officer
Pasque. Didn't even know what happened to him. That's a lie. Blatant bald-faced
lie. . . ." 
Mock v. State, 848 S.W.2d 215, 220-21 (Tex. App.—El Paso 1992, pet. ref'd).  
          The Mock court held that the challenged portions of the argument were reasonable and
legitimate inferences when considered in light of the entire record. Id. at 221. Therefore, the trial
court did not err by overruling the objection to the prosecutor's jury argument that the defendant
had told a "[b]latant bald-faced lie" in his testimony. Id. The complained-of language in this
cause is nowhere as abrasive and confrontational as that used by the prosecutor in Mock. A
prosecutor is entitled to draw reasonable and legitimate inferences from the evidence. Allridge
v. State, 762 S.W.2d 146, 156 (Tex. Crim. App. 1988), cert. denied, 488 U.S. 1026, 109 S.Ct.
835, 102 L.Ed.2d 968 (1989).  
          Looking at the record in its entirety, Ortiz's version of the facts conflicted with other
evidence introduced at trial. As the State's advocate, the prosecutor had a duty to direct the jury's
attention to variances between Ortiz's testimony and conflicting evidence. The prosecutor did not
use extreme language that was manifestly improper, did not violate a mandatory statute, and did
not prejudice the defense by injecting new facts into the case. Nor did he suggest that the jury
should accept and rely on the prosecutor's opinion that Ortiz's testimony had been untruthful. To
the contrary, the prosecutor first asked the jury to determine the truthful version of the facts and
to judge Ortiz's credibility just like any other witness. He then argued his reasonable and
legitimate inferences from the facts in evidence, including the inference that Ortiz had not been
truthful. Therefore, Ortiz is not excused from preserving error and his complaint is waived. 
Willis, 785 S.W.2d at 385-86; Cambell, 900 S.W.2d at 776. Point two is overruled. 
          The judgment is affirmed.
 
                                                                                BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 11, 1995 
Do not publish