TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00450-CR







Robert L. Quintero, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF BEXAR COUNTY, 187TH JUDICIAL DISTRICT


NO. 96CR0379, HONORABLE FRANK MALONEY, JUDGE PRESIDING







 This is an appeal from a conviction for burglary of a habitation. Tex. Penal Code Ann. §
30.02(a)(1) (West 1994). After the jury found appellant, Robert L. Quintero, guilty, he pleaded "true" to
the allegations of a prior conviction for burglary of a habitation set forth in the indictment for the purpose
of enhancement of punishment. A prior conviction for forgery was also introduced into evidence at the
penalty stage of the trial as part of appellant's prior criminal record. The jury assessed punishment at 65
years' imprisonment and a $5,000 fine.

 Appellant advances a sole point of error as follows: "The prosecutrix (1) erred fundamentally
to the appellant's egregious harm, during the punishment phase rebuttal when she urged the jury to consider
that appellant would serve only one-fourth (1/4) of any sentence the jury might impose in violation of the
court's charge on article 37.07, section 4, Tex. Code of Crim. Proc., and Oakley v. State, 830 S.W.2d
107, 110-11 (Tex. Crim. App. 1992)."

 Appellant acknowledges that the trial judge properly charged the jury on the parole law
in accordance with article 37.07, section 4. See Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (West Supp.
1998). He complains, however, of the State's jury argument at the penalty stage of the trial to which he
offered no objection. Part of the complained-of argument reflects:


 But I think the judge's charge indicates to you that there is parole and how that
may or may not apply. In this case, any sentence that you give him, he would not become
eligible for parole until the actual time he serves plus any good time he earns would equal
one-fourth of his sentence imposed or fifteen years, which is less. So what does that
mean? That means if you sentenced him anywhere from 60 years to life in prison, he
would need to serve his actual time plus any good conduct time that he earns which would
equal 15 years.



 It has long been the general rule that any impropriety in the prosecutorial argument is
waived by a defendant who fails to make a proper and timely objection. An exception existed when the
prosecutor's argument was so prejudicial that an instruction to disregard would not cure the error. See
Briddle v. State, 742 S.W.2d 379, 389 (Tex. Crim. App. 1987), cert. denied, 488 U.S. 986 (1988); see
also Montoya v. State, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1227 (1988)
(defendant's failure to pursue to an adverse ruling his objection to jury argument does not constitute waiver
where instruction to disregard could not have cured erroneous jury argument); Romo v. State, 631
S.W.2d 504, 505 (Tex. Crim. App. 1982) (defendant may complain on appeal for first time about an
unobjected-to erroneous jury argument that could not have been cured by an instruction to disregard).

 In Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), the Court of Criminal
Appeals held that the exception mentioned in Briddle could no longer be sustained. See also Valencia v.
State, 946 S.W.2d 81, 82 (Tex. Crim. App. 1997) (improper jury argument on parole waived by failure
to object, former exception no longer applicable). In Cockrell, the court explained:


 Therefore, we hold that a defendant's failure to object to a jury argument or a
defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits
his right to complain about the argument on appeal. Any prior cases to the contrary such
as Montoya and Romo are expressly overruled. Before a defendant will be permitted to
complain on appeal about an erroneous jury argument or that an instruction to disregard
could not have cured an erroneous jury argument, he will have to show he objected and
pursued his objection to an adverse ruling. Based on the foregoing, we hold appellant
forfeited his right to complain about the second or third arguments.



 Following Cockrell, a court of appeals has held that a jury argument concerning parole, 
"Don't be fooled. Twenty years doesn't mean twenty years. That means half time. They are going to cut
it down, okay?" could not be the basis for appellate review because of the failure to preserve error by
making a trial objection. Morales v. State, 951 S.W.2d 59, 64 (Tex. App.--Corpus Christi 1997, no
pet.).

 In the instant case, we will not address the merits of appellant's sole point of error because
of the failure to preserve his complaint for our review. See Cacy v. State, 942 S.W.2d 783, 784 (Tex.
App.--Waco 1997, pet. ref'd). The point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: May 29, 1998

Do Not Publish
















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Reference is to the assistant district attorney, not the complaining witness.



es that
mean? That means if you sentenced him anywhere from 60 years to life in prison, he
would need to serve his actual time plus any good conduct time that he earns which would
equal 15 years.



 It has long been the general rule that any impropriety in the prosecutorial argument is
waived by a defendant who fails to make a proper and timely objection. An exception existed when the
prosecutor's argument was so prejudicial that an instruction to disregard would not cure the error. See
Briddle v. State, 742 S.W.2d 379, 389 (Tex. Crim. App. 1987), cert. denied, 488 U.S. 986 (1988); see
also Montoya v. State, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1227 (1988)
(defendant's failure to pursue to an adverse ruling his objection to jury argument does not constitute waiver
where instruction to disregard could not have cured erroneous jury argument); Romo v. State, 631
S.W.2d 504, 505 (Tex. Crim. App. 1982) (defendant may complain on appeal for first time about an
unobjected-to erroneous jury argument that could not have been cured by an instruction to disregard).

 In Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), the Court