Scalf v. SOT
















NUMBER 13-03-00417-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

CHARLES ROBERT SCALF,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 377th District Court of Victoria County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found, appellant, Charles Robert Scalf, guilty of the offense of possession of
more than five pounds but less than fifty pounds of marihuana.


 After finding the
enhancement paragraphs in the indictment to be true, the jury assessed appellant’s
punishment at life imprisonment. The trial court has certified that this “is not a plea-bargain
case, and the defendant has the right to appeal.” See Tex. R. App. P. 25.2(a)(2).
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          In a single issue, appellant contends the State made an improper reference to his
failure to testify during closing argument at the guilt/innocence phase of his trial, in violation
of both federal and state law. Specifically, appellant complains of the following argument
made by the prosecutor:
All kinds of responses, speculation, as to, why would the defendant do this
or that? Look, only one person knows what went on in the defendant’s mind.
  
Your instructions are, “You must not consider, discuss, nor relate any
matters not in evidence before you.” There is no evidence as to what the
defendant had in his mind.
 
          To be permissible, the State’s jury argument must fall within one of the following four
general areas: (1) summation of the evidence presented at trial; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; or (4) a plea for law
enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). A comment
on a defendant’s failure to testify violates the Fifth Amendment of the United States
Constitution and article I, section 10 of the Texas Constitution. Moore v. State, 849
S.W.2d 350, 351 (Tex. Crim. App. 1993); Rosillo v. State, 953 S.W.2d 808, 817-18 (Tex.
App.–Corpus Christi 1997, pet. ref’d). To violate a defendant’s constitutional and statutory
rights against self-incrimination, the challenged argument, viewed from the jury’s
perspective, “must be manifestly intended to be of such a character that the jury would
necessarily and naturally take it as a comment on the accused’s failure to testify.” Fuentes
v. State, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999). The facts and circumstances of
each case must be analyzed to determine whether the language directs the jury to the
defendant’s failure to testify. Dickinson v. State, 685 S.W.2d 320, 323 (Tex. Crim. App.
1984).
          Before we may consider the merit of appellant’s issue, we must determine if he
preserved this issue for our review. The record before us shows that appellant did not
object to the prosecutor’s argument.
          In Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982), the court of criminal
appeals held that a defendant could complain for the first time on appeal about an
unobjected-to, erroneous jury argument that could not have been cured by an instruction
to disregard. In Montoya v. State, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987), the court
also held that a defendant’s failure to pursue to an adverse ruling his objection to a jury
argument did not constitute a waiver where an instruction to disregard could not have
cured the erroneous jury argument. However, Romo and Montoya were expressly
overruled by Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Now, to
preserve improper jury argument for appellate review, a defendant must object and pursue
the objection to an adverse ruling, otherwise he forfeits his right to complain about the
argument on appeal. Id.; Flores v. State, 871 S.W.2d 714, 722 (Tex. Crim. App. 1993);
see also Mathis v. State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002).
          Because appellant failed to object after the complained-of argument was made, we
hold appellant failed to preserve this issue for our review. See Tex. R. App. P. 33.1(a). 
Appellant’s sole issue is overruled.
          The judgment of the trial court is affirmed.



                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this
the 19th day of August, 2004.