

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00095-CR

Isaac **BENAVIDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR10580
Honorable Jennifer Peña, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: March 18, 2026

AFFIRMED

A jury convicted appellant Isaac Benavidez of continuous sexual assault of a child and indecency with a child by sexual contact. In a single point of error, Benavidez contends the State improperly commented on his right not to testify during its closing argument at the punishment phase of the trial. Finding that Benavidez failed to preserve this issue for appeal, we affirm.

## BACKGROUND[1]

Benavidez was indicted on three counts: (1) continuous sexual assault of a child, (2) aggravated sexual assault, and (3) indecency with a child by sexual contact.

On July 4, 2018, Benavidez was alone in a bedroom with A.P-G.[2] when he pulled down his pants, removed A.P-G.'s clothing, placed her hand on his genitals, and touched her genitals with his hand. Mother, who was leaving for the store, returned inside the house to retrieve cash. When she entered the bedroom, she found A.P-G. "fully naked, curled up in a ball." She stated that Benavidez was lying on the bed with his pants down and "his—penis out . . . in the open to where you can see." Mother then screamed, ran to retrieve her phone, and, upon returning, began hitting Benavidez. Benavidez told Mother he was sorry and attempted to minimize the situation by claiming A.P-G. was simply changing her clothes.

At trial, A.P-G. and Mother testified about the July 4, 2018, incident. A.P-G. also testified that Benavidez sexually abused her over a period of years, beginning when she was approximately four years old and continuing until she was eight. She recounted an incident that occurred when she was six years old in which Benavidez entered the bathroom while she was bathing and instructed her to get out of the tub. Benavidez then got onto the bathroom floor, pulled down his pants, and placed her on his thighs.

The State also called Cynthia Garcia, a certified pediatric, adolescent, and adult sexual assault nurse examiner, to testify. Garcia stated that she conducted a full forensic examination of

---

[1] Benavidez was arrested on July 4, 2018, in cause number NM395603, and the grand jury indicted him on October 9, 2018. However, for nearly six and a half years, he remained in custody while the court addressed issues related to his competency. On January 13, 2022, the trial court found Benavidez incompetent to stand trial and ordered inpatient treatment. On August 30, 2024, Benavidez requested a jury trial on the issue of competency. On October 16, 2024, he withdrew his request, and the court declared him competent to stand trial.

[2] To protect the identity of the child and persons through whom the child could be identified, we will refer to the child by her initials and her mother as "Mother."

A.P-G. During the examination, A.P-G. disclosed that Benavidez touched her genital area with his hand, both over and under her clothing and underwear; placed his hand inside her "middle part"; attempted to put his mouth on hers; placed her hand on his genitalia; put his genitals against hers; and put his genitals in her mouth.

San Antonio Police Department Detective David Bierman's recorded custodial interrogation of Benavidez was also admitted into evidence. During the interview, Detective Bierman advised Benavidez of his *Miranda* and statutory warnings and confirmed his understanding. At the outset, Benavidez denied any physical contact with A.P-G. Benavidez stated that he was masturbating under a blanket when A.P-G. entered the room naked. After confronted with A.P-G. and Mother's statements, Benavidez explanation shifted from full denial to partial admissions. Specifically, he stated that A.P-G. removed her own clothing and that he placed her hand on his penis.

Additionally, Benavidez admitted to previous sexual contacts with A.P-G. that began years earlier when the family lived at "the Dunes." He admitted to rubbing A.P-G.'s genitals and ultimately confessed that he penetrated A.P-G.'s genitals with his fingers on approximately ten occasions. Although Benavidez initially denied any oral contact, he later admitted that his genitals had been in A.P-G.'s mouth once, though he claimed he did not "force it."

When asked what should happen to someone who commits such acts against a child, Benavidez expressed remorse and stated he wanted Mother to know he was sorry. Detective Bierman instructed Benavidez to provide a written statement documenting his actions with A.P-G. Upon completion, Detective Bierman read the written statement aloud, characterizing it as Benavidez's admission and acceptance of responsibility.

During the guilt/innocence phase of the trial, Benavidez testified and denied the allegations against him. Furthermore, Benavidez stated that he was not in the right state of mind at the time of his interrogation, explaining that he was nervous, scared, and did not "properly understand [his] rights."

At the close of the State's case-in-chief, the defense moved for a directed verdict on the aggravated sexual assault count. The trial court granted the motion. The jury subsequently found Benavidez guilty on the remaining counts, and the case proceeded to the punishment phase.

During the State's closing arguments at the punishment phase, the following remark was made:

> His family members are asking you to have mercy on him. But does he deserve your mercy? He couldn't even take that stand and tell you that he did these things, that he messed up. Is that someone that deserves mercy, who is just always going to deny that they even did this after they fully confessed to doing it just to get a more lenient sentence from you or to hopefully get a not guilty from you and not have to take responsibility for it?

Benavidez did not object.

The jury subsequently assessed punishment at fifty years imprisonment on the continuous sexual assault count and thirteen years imprisonment on the indecency count. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Benavidez argues that the State improperly commented on his failure to testify during the punishment phase of trial. Finding that Benavidez failed to preserve this issue for appeal, we overrule his sole issue on appeal.

The Court of Criminal Appeals has long held that defendants forfeit their right to complain about improper jury arguments if they fail to object. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). In *Cockrell*, the Court explicitly struck down the exception to the preservation

requirement if "an instruction to disregard could not have cured the erroneous jury argument." *Id.* (overruling *Romo v. State*, 631 S.W.2d 504 (Tex. Crim. App. 1982) and *Montoya v. State*, 744 S.W.2d 15 (Tex. Crim. App. 1987)). Thus, Benavidez's failure to object waived any complaint he had with the State's jury argument.

Finding that Benavidez failed to preserve his complaint for appellate review, his sole issue on appeal is overruled.

CONCLUSION

Accordingly, the trial court's judgment is affirmed.

Velia J. Meza, Justice

DO NOT PUBLISH