NO









NO. 12-09-00170-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

FREDERICK SMITH,

APPELLANT                                                     '     APPEAL
FROM THE 241ST

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Frederick
Smith appeals his conviction for possession of a controlled substance, cocaine,
in an amount of four grams or more but less than 200 grams.  On appeal,
Appellant raises two issues.  We affirm.

 

Background

 Appellant
was charged by indictment with possession of a controlled substance, cocaine,
in an amount of four grams or more but less than 200 grams, including any
adulterants and dilutants.[1] 
The indictment also included an enhancement paragraph, alleging that Appellant
had been convicted of a felony prior to the commission of the charged offense.[2] 
Appellant pleaded “guilty,” and elected for the jury to assess punishment.  The
jury assessed Appellant’s punishment at life imprisonment. 

Implication of Drug Dealing

In
his first issue, Appellant argues that the trial court erred in allowing the State
to elicit testimony that Appellant, by implication, was a drug dealer.  The
State did not file a brief.

Facts

Leland
Shawn Johnson, a patrol officer for the Smith County Sheriff’s Department, and
John Shoemaker, a deputy for the Smith County Sheriff’s Department, stated
that, on December 14, 2008, Appellant was a passenger in a vehicle that they
stopped for a traffic violation.  After searching the driver of the vehicle,
Johnson asked to search Appellant, but Appellant refused.  After placing
Appellant in hand restraints, Shoemaker discovered a plastic baggie containing
a white rock substance in Appellant’s left jacket pocket.  According to
Johnson, the baggie contained crack cocaine. Shoemaker also discovered that
Appellant had two metal pipes which, Shoemaker stated, are used to smoke crack
cocaine.  Shoemaker testified that the area was a “high drug traffic area,”
while Johnson stated that it was “a very high narcotics and prostitution area.”
Johnson stated that a field test conducted at the jail revealed that the
substance was cocaine. Sharla McCloskey, a forensic scientist at the Texas
Department of Public Safety crime laboratory, testified that the baggie
contained 6.47 grams of cocaine, including adulterants and dilutants. 

The
State asked Johnson if the rock “could [] be split up for sale.” Johnson
testified that “[i]t could be, yes.”  Appellant objected, citing “speculation,”
but the trial court overruled the objection, stating that Johnson could answer
based on his training and experience.  Further, the State asked Johnson if the
size of the rock might preclude it from being “used just for personal use, just
for one person that night?”  Johnson replied that “I wouldn’t think so, no.”
Later, the State asked Johnson if the crack cocaine found on Appellant was “an
amount that somebody would use for personal use, or is this more something that
somebody would use later on or for sale?”  Appellant again objected, stating
that was “speculation.”  The trial court overruled his objection, stating that
Johnson could answer based on his training and experience. Johnson answered
that he “would have to say that someone buying that large of a rock was
probably going to end up selling it later on.”  Then the State asked if Johnson
knew how much the cocaine would sell for “if somebody were to cut a piece of
that crack cocaine into a smaller piece to sell to somebody.”  Again, Appellant
objected, stating that “[t]here’s been no predicate laid that [Johnson] has any
knowledge of that.”  The trial court overruled Appellant’s objection, again
stating that the officer may answer the question based on his background,
qualifications, training, and experience.  Johnson stated that, in his
experience, “you can get a cocaine rock for about $20, but to say how much you
could break that up into and sell, I can’t answer that.”  The State also asked
Johnson if, based on his training and experience, drugs were responsible for
other crimes. Johnson stated that “[t]hey can be, yes.”  Then the State asked
him what other kind of crimes and he replied, “Thefts, burglaries, assaults.”

On
cross examination, Johnson testified that, based on the facts at his disposal
at the time of an arrest, he determines the appropriate offense with which to charge
a defendant.  Johnson agreed that, based on his training, experience, and the
evidence, he determined that the appropriate charge against Appellant was
possession of a controlled substance.  He also agreed that the cocaine found on
Appellant “could have also been for personal use.”  However, on redirect
examination, the State asked, “Drug dealers, they don’t stay in business unless
they’re selling dope; is that correct?”  Johnson replied, “Most likely.”  On
redirect examination of Shoemaker, the State asked if the amount of crack
cocaine found on Appellant would be “consistent with somebody that was selling
crack cocaine.” Shoemaker answered, “Yes, sir, it would be.”  Again, Appellant
objected, stating that this was “speculation.” The trial court overruled
Appellant’s objection.  Later, the State asked if the cocaine found on
Appellant could “be cut up in several different pieces.”  Shoemaker answered
“[y]es, sir.”  Then the State asked if it “could be cut up to sell to other
people so he could get more drugs for his personal use and for sale.”  Shoemaker
again answered “[y]es, sir.”  After the trial on punishment concluded, the jury
assessed Appellant’s punishment at life imprisonment.

Standard
of Review

A
trial court's decision to admit or exclude evidence is reviewed under an abuse
of discretion standard.  See Rodriguez v. State, 203 S.W.3d 837,
841 (Tex. Crim. App. 2006); Montgomery v.  State, 810 S.W.2d 372,
390‑91 (Tex. Crim. App.1990).  The trial court is in the best position to
decide questions of admissibility, and we will uphold a trial court's decision
to admit or exclude evidence if it is Awithin
the zone of reasonable disagreement.@
 Rodriguez, 203 S.W.3d at 841.  A determination is beyond the
zone of reasonable disagreement if by no reasonable perception of common
experience could it be concluded that the proffered evidence had a tendency to
make the existence of a fact of consequence more or less probable than it would
be otherwise.  Montgomery, 810 S.W.2d at 391.  If the trial
court's ruling on the admission of evidence is correct under any theory of law,
the trial court's decision should not be disturbed, even if the trial court
gives the wrong reason for its ruling.  See Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Applicable
Law

Article
37.07, section 3 of the Texas Code of Criminal Procedure provides the
parameters for the admission of evidence to be considered in assessing the
punishment of a defendant.  See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3 (Vernon Supp. 2010).  Section 3
provides, in part, that 

 

[r]egardless of the plea and whether the punishment be
assessed by the judge or the jury, evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including
but not limited to the prior criminal record of the defendant, his general
reputation, his character, an opinion regarding his character, the
circumstances of the offense for which he is being tried, and, notwithstanding
Rules 404 and 405, Texas Rules of Evidence, any other evidence of a extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have
been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act.

 

Tex. Code Crim. Proc. art. 37.07, §
3(a)(1).

            Admissibility
of evidence at the punishment phase of a noncapital felony offense is a
function of policy rather than relevancy. Rogers v. State, 991
S.W.2d 263, 265 (Tex. Crim. App. 1999) (quoting Miller-El v. State,
782 S.W.2d 892, 895-96 (Tex. Crim. App. 1990)).  This is so because there are
simply no distinct “fact[s] . . . of consequence” that proffered evidence can
be said to make more or less likely to exist.  Id. (quoting Miller-El,
782 S.W.2d at 895-96).  Rather, “[d]eciding what punishment to assess is a
normative process, not intrinsically factbound.”  Id. (quoting Miller-El,
782 S.W.2d at 895-96).  Therefore, determining what is relevant should be a
question of what is helpful to the jury in determining the appropriate sentence
for a particular defendant in a particular case.  Id.

             Texas
Rule of Evidence 701 permits admission of “opinion testimony by lay witnesses.”
 Tex. R. Evid. 701. Rule 701
provides that 

 

[i]f the witness is not testifying as an expert, the
witness’[s] testimony in the form of opinions or inferences is limited to those
opinions or inferences which are (a) rationally based on the perception of the witness
and (b) helpful to a clear understanding of the witness’[s] testimony or the
determination of a fact in issue.

 

 

Id.
 “Perception” refers to a witness’s interpretation of information acquired
through his own senses or experiences at the time of the event, i.e., things
the witness saw, heard, smelled, touched, felt, or tasted.  Osbourn v.
State, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002).  Since rule 701
requires the testimony to be based on the witness’s perception, it is necessary
that the witness personally observed or experienced the events about which he
is testifying.  Id. (citing Fairow v. State, 943
S.W.2d 895, 898 (Tex. Crim. App. 1997)).  Thus, the witness’s testimony can
include opinions, beliefs, or inferences as long as they are drawn from his own
experiences or observations.  Id.  As a general rule,
observations that do not require significant expertise to interpret and which
are not based on a scientific theory can be admitted as lay opinions if the
requirements of rule 701 are met.  Id. at 537.  This is true even
when the witness has experience or training.  Id.  The personal
experience and knowledge of a lay witness may establish that he is capable,
without qualification as an expert, of expressing an opinion on a subject
outside the realm of common knowledge.  Id.  Thus, if the witness
perceived events and formed an opinion that a reasonable person could draw from
the facts, then the first part of rule 701 is met.  Id. at 538.  If
the opinion is also helpful for the trier of fact to understand the witness’s
testimony or aids the determination of a fact in issue, then the opinion is also
admissible under rule 701.  Id. 

            As a
prerequisite to presenting a complaint for appeal, the record must show that a
complaint was made to the trial court by a timely request, objection, or motion. 
Tex. R. App. P. 33.1(a)(1). The
request, objection, or motion must state the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint.  Tex.
R. App. P. 33.1(a)(1)(A).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly.  Tex. R. App. P. 33.1(a)(2)(A).  If the
trial court refused to rule on the request, objection, or motion, the
complaining party must have objected to the refusal.  Tex. R. App. P. 33.1(a)(2)(B). In other words, an objection
must be timely, specific, pursued to an adverse ruling, and must be made each
time inadmissible evidence is offered. Haley v. State, 173 S.W.3d
510, 516-17 (Tex. Crim. App. 2005).

Analysis

            Because
Appellant asserts that Johnson’s and Shoemaker’s testimony was speculation, we
must first determine if the testimony meets the requirements of rule 701 and,
thus, is admissible as lay opinion.  See Tex. R. Evid. 701.  For the testimony to be admissible as lay
opinion, the witness must have perceived the events and formed an opinion that
a reasonable person could draw from the facts.  See Osbourn, 92
S.W.3d at 537-38.  The opinion must also be helpful to the jury to understand
their testimony or aid in the determination of a fact in issue.  See id.
at 538.

            Johnson
was a patrol officer for the Smith County Sheriff’s Department and, at the time
of trial, had been a police officer for eight years. For four years, he was a
K-9 officer, performing narcotics enforcement.  Shoemaker was a deputy for the
Smith County Sheriff’s Department for at least two years.  Both officers
participated in the events about which they testified, i.e., discovery of the
crack cocaine found on Appellant.  See id.  Their opinion
was based on what they perceived at the scene of the traffic stop.  See id.
 Further, their experience in narcotics gave the officers the capability to
testify regarding whether the amount of crack cocaine found on Appellant could
have been for his personal use or for sale.  This observation did not require
significant expertise to interpret, was not based on scientific theory, and
could be readily understood by the jury.  See Hollis v. State,
219 S.W.3d 446, 467 (Tex. App.—Austin 2007, no pet.).  Therefore, Johnson’s and
Shoemaker’s testimony regarding whether the amount of crack cocaine found on
Appellant could have been for sale is admissible as lay opinion under rule 701.
 See Osbourn, 92 S.W.3d at 538. 

            Appellant
argues further that the trial court erred in permitting the State to elicit Johnson’s
and Shoemaker’s testimony because their testimony was “designed solely to cast
Appellant, a possessor of drugs, as a dealer of drugs.” See Haley,
173 S.W.3d at 515. This is, in substance, an argument that this testimony was
not relevant to Appellant’s sentencing.  As described above, the trial court
allowed the State to question the officers as to whether the “rock” of cocaine
could have been split up for sale, whether someone buying that size of “rock”
would probably sell it later, and whether the amount of crack cocaine would be
consistent with someone selling crack cocaine. Appellant objected to these questions,
citing “speculation,” but the trial court overruled each objection.  The State
was also allowed to question the officers, without objection, as to whether the
size of the “rock” might preclude it from being “used just for personal use,”
whether drugs were responsible for other crimes, and whether the cocaine found
on Appellant could be cut up in several different pieces to sell to other
people.

            Preservation
of error is a systemic requirement that must be reviewed by this court
regardless of whether the issue is raised by the parties. See Haley,
173 S.W.3d at 515. In this case, Appellant’s objection, “speculation,” did not inform
the trial court that Appellant questioned the relevance of the officers’
testimony to Appellant’s sentencing or its helpfulness to the jury in
determining the appropriate sentence for Appellant. See Tex. Code Crim. Proc. art. 37.07, §
3(a)(1); Rogers, 991 S.W.2d at 265. Further, Appellant failed to
object each time the State questioned the officers regarding whether the
cocaine found on Appellant could have been for sale. See Haley,
173 S.W.3d at 516-57. Thus, Appellant has waived this issue on appeal. See
Tex. R. App. P. 33.1(a)(1).
Accordingly, Appellant’s first issue is overruled.

 

Consideration of Parole Eligibility

            In
his second issue, Appellant contends that the trial court erred in permitting
the State to urge the jury to apply parole eligibility in determining
Appellant’s punishment.  He concedes that he made no objection to the State’s
argument at trial as would be necessary to raise the issue on appeal.  Appellant
contends, however, that the error is so egregious that an instruction to
disregard could not have cured the harm, citing Romo v. State,
631 S.W.2d 504, 505 (Tex. Crim. App. 1982).

In
the State’s closing argument, the State informed the jury that

 

                [n]ow, you also heard in the charge that
he would be eligible for parole after he did a quarter of his time.  And
whatever you guys give him, we’ll honor that.  It’s your decision.  You’re
representing Smith County.  Whatever you decide to do, we’ll honor that.

                However, you should know that at the
most, whatever it is, he would be eligible for parole after 15 years at the
very most.

                In other words – or a quarter of that
time, whichever is less, whatever sentence you give him, a quarter of the time,
or 15 years.

                So anything, really, after 60 years,
because 15 is a quarter of that time, is really just sending a message, okay?

                Like if you gave him a life sentence,
he’s still eligible for parole in 15 years, in other words, but it sends a heck
of a message.

 

 

Article
37.07, section 4 of the Texas Code of Criminal Procedure requires that the
trial court charge the jury in writing as follows: 

 

                You may consider the existence of the
parole law and good conduct time.  However, you are not to consider the extent
to which good conduct time may be awarded to or forfeited by this particular
defendant.  You are not to consider the manner in which the parole law may be
applied to this particular defendant. 

 

 

Tex. Crim. Proc. Code art. 37.07, §
4(a) (Vernon Supp. 2010).  However, in Cockrell v. State, the court
of criminal appeals held that a defendant’s failure to object to a jury
argument or a defendant’s failure to pursue to an adverse ruling his objection
to a jury argument forfeits his right to complain about the argument on appeal.
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  Moreover,
before a defendant will be permitted to complain on appeal about an erroneous
jury argument or that an instruction to disregard could not have cured an
erroneous jury argument, he will have to show he objected and pursued his
objection to an adverse ruling.  Id.  In Cockrell,
the court specifically overruled its holding in Romo, that a
defendant may complain for the first time on appeal about an unobjected-to,
erroneous jury argument that could not have been cured by an instruction to
disregard. Id. 

            The
record shows that Appellant did not object to the State’s jury argument
regarding his parole eligibility or the manner in which parole may be applied
to him.  See Tex. Crim. Proc.
Code art. 37.07, § 4(a); Hawkins v. State, 135 S.W.3d 72,
84 (Tex. Crim. App. 2004).  Even though the State’s jury argument may have been
improper and an instruction to disregard may not have cured the erroneous jury
argument, Appellant may not complain for the first time on appeal about the
State’s jury argument. See Cockrell, 933 S.W.2d at 89.  Because
Appellant did not object at trial, he has forfeited his right to complain about
the State’s jury argument.  Accordingly, Appellant’s second issue is overruled.

 

Disposition

The
judgment of the trial court is affirmed.

 

 

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

 

 

 

 

Opinion delivered November 3, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)

 









[1] See Tex. Health & Safety Code Ann. § 481.115(a), (d) (Vernon 2010).





[2] An offense under section 481.115(d) is a second
degree felony.  See Tex. Health
& Safety Code Ann. § 481.115(d).  Appellant pleaded true to the enhancement
allegation that he had a prior felony conviction.  Because the enhancement
allegation was found to be true, Appellant was punished for a first degree
felony.  See Tex. Penal Code Ann.
§ 12.42(b) (Vernon Supp. 2010).  An individual adjudged guilty of a first
degree felony shall be punished by imprisonment for life or for any term of not
more than ninety-nine years or less than five years and, in addition, a fine
not to exceed $10,000.  Tex. Penal Code
Ann. § 12.32 (Vernon Supp. 2010).